Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| ARTEMIS RAFAEL SEGARRA OCASIO<br><br>Demandante Apelado<br><br><br>v.<br><br><br>26 METAL RECYCLING CORP.<br><br>Demandada Apelante | TA2026AP00491 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV09187<br>Salón: 604<br><br>Sobre:<br>Cobro de Dinero Ordinario y otros |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece 26 Metal Recycling Corp. ("26 Metal" o parte apelante) mediante recurso de *apelación* y solicita que revoquemos la *Sentencia* emitida el 27 de febrero de 2026, notificada el 3 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (foro primario). En dicho dictamen, el foro primario declaró Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por Artemis Rafael Segarra Ocasio ("Segarra Ocasio" o parte apelada) en esta reclamación por cobro de dinero ordinario y ejecución de hipoteca. Una *Moción de Reconsideración* fue declarada No Ha Lugar el 15 de abril de 2026 y notificada al día siguiente.

Por los fundamentos que expresaremos, confirmamos la *Sentencia* apelada.

El caso de epígrafe tuvo su génesis el 2 de octubre de 2024, cuando Segarra Ocasio presentó su *Demanda* en contra de 26 Metal. La parte apelada indicó que, el 19 de abril de 2023, la parte apelante suscribió un pagaré por la suma principal de cien mil dólares ($100.000.00), pagadero los primeros cinco (5) días de cada mes más intereses a razón de doce por ciento (12.0%) anual. El negocio jurídico se garantizó mediante una hipoteca que gravó una propiedad inscrita en el Registro de la Propiedad de San Juan, Puerto Rico. Segarra Ocasio explicó que 26 Metal emitió varios cheques cuya cantidad global asciende a cuarenta y ocho mil dólares ($48,000.00) y alegó que dichos cheques fueron devueltos por falta de fondos. Por lo anterior, la parte apelada reclamó que la parte apelante adeuda cien mil dólares ($100.000.00) por concepto de principal y veinte mil cuatrocientos dólares ($20,400.00) por intereses dejados de pagar hasta la presentación de la demanda. Solicitó el pago de dichas sumas al reclamarlas como vencidas, líquidas y exigibles. Además, requirió diez mil dólares ($10,000.00) por concepto de gastos, costas y honorarios, según pactado en el Pagaré.

El 8 de octubre de 2024, 26 Metal fue emplazada. El 28 de octubre de 2024, la parte apelante solicitó permiso para que se aceptara su representación legal y rogó por un término de treinta (30) días para presentar su contestación a la demanda. El 29 de octubre de 2024, notificada al día siguiente, el foro primario, mediante *Orden*, aceptó la representación legal y concedió la prórroga solicitada.

Expirado el término solicitado para presentar la contestación a la *Demanda*, el 10 de diciembre de 2024, Segarra Ocasio pidió la

anotación de rebeldía y emisión de dictamen en contra de 26 Metal al no presentar su alegación responsiva en término.

El 11 de diciembre de 2024, la representante y agente residente de 26 Metal presentó la *Contestación a Demanda*. En resumen, aceptó que no se hicieron los pagos, pero indicó que las partes llegaron a acuerdos distintos de pago. Entonces, solicitó se declarara sin lugar la *Demanda*, las costas y quince mil dólares ($15,000.00) dólares en gastos y honorarios de abogado. Ese mismo día, notificada el 13 de diciembre de 2024, el foro primario, mediante *Orden*, declaró No Ha Lugar la solicitud de anotación de rebeldía presentada por Segarra Ocasio.

El 17 de diciembre de 2024, Segarra Ocasio incoó una *Solicitud de Sentencia Sumaria*. Al día siguiente, notificada el 26 de diciembre de 2024, el foro primario declaró No Ha Lugar la petición de sentencia sumaria de la parte apelada en esa etapa de los procesos. Luego de varios trámites procesales, el 18 de febrero de 2025, se celebró una Vista. Mediante *Minuta*, transcrita el 21 de febrero de 2025, el Tribunal concedió veinte (20) días a las partes para informar sobre negociaciones que quedaban pendientes con agencias federales sobre gravámenes que tenía la propiedad que garantizó el préstamo objeto de este litigio.

El 28 de marzo de 2025, 26 Metal solicitó la paralización de los procesos amparado en una Orden de la Corte de Quiebra Federal. El foro primario paralizó el proceso mediante *Sentencia* emitida el 28 de marzo de 2025 y notificada el 31 del mismo mes y año. Al haberse desestimado el procedimiento de quiebra, el Tribunal de Primera Instancia, mediante *Orden* emitida y notificada el 4 de junio de 2025, dispuso la reapertura del litigio.

Transcurridas varias incidencias procesales innecesarias de pormenorizar, el 16 de octubre de 2025, se celebró otra Vista. La Conferencia con Antelación al Juicio y el Juicio en su Fondo fueron señalados en su *Minuta*, transcrita el 28 de octubre de 2025. Las partes quedaron advertidas de informar cualquier transacción alcanzada y, de así corresponder, se dejarían sin efecto los señalamientos.[1]

El 17 de noviembre de 2025, Segarra Ocasio incoó una nueva *Solicitud de Sentencia Sumaria*. En síntesis, reiteró que los documentos producto del proceso de descubrimiento de prueba sostienen que la deuda es válida, está vencida, es líquida y exigible en su totalidad. Explicó que no existe controversia real sustancial de hechos esenciales que amerite una vista en su fondo. Identificó como asunto en controversia el determinar si, conforme a los términos del pagaré y la hipoteca suscrita, procede la acción de cobro incoada y la sentencia sumaria solicitada a su favor. Subrayó que, al momento de presentarse la moción de sentencia sumaria, el total adeudado ascendía ciento cincuenta mil dólares ($150,000.00).

Por su parte, el 9 de diciembre de 2024, 26 Metal se opuso. En resumen, controvirtió la certificación registral presentada por Segarra Ocasio debido a la alegada existencia de gravámenes. Alegó que la moción de sentencia sumaria no refleja unos pagos que 26 Metal entregó a la parte apelada y a terceras personas. También, catalogó como usurario el interés pactado en el Pagaré y sugirió su eliminación.

El 27 de febrero de 2026, notificada el 3 de marzo de 2026, el foro apelado emitió su *Sentencia Sumaria*. Entre otras cosas, concluyó

---

[1] La *Conferencia con Antelación al Juicio* y el *Juicio en su Fondo* fueron señalados para el 15 y 17 de diciembre de 2025, respectivamente.

que "[l]a deuda no fue satisfecha ni 26 Metal ha demostrado u ofrecido prueba para establecer que la misma fue pagada". En su determinación, el foro primario declaró Ha Lugar la solicitud de la parte apelada.

El 17 de marzo de 2026, 26 Metal presentó una *Moción de Reconsideración*. Insistió en la existencia de una controversia sobre el monto adeudado y solicitó juicio plenario.

El 23 de marzo de 2026, Segarra Ocasio presentó su oposición. Entre otros argumentos, incluyó y subrayó la conclusión que el foro primario esbozó en su determinación. Así las cosas, mediante *Resolución* de 15 de abril de 2026, notificada al día siguiente, el foro primario declaró No Ha Lugar la *Moción de Reconsideración del apelante*.

Inconforme, 26 Metal presentó el recurso que nos ocupa e imputó el siguiente error al Tribunal de Primera Instancia:

> Erró el honorable Tribunal de Primera Instancia al conceder la Solicitud de Sentencia Sumaria presentada por la parte Apelada en la cual declaró Con Lugar la Demanda y dictó la Sentencia, por entender que existen controversias de hechos y derechos que debían ser juzgadas en este juicio, entendemos que esta Sentencia debe ser revocada.

El 10 de junio de 2026, Segarra Ocasio se opuso al presente recurso. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

El mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023) (citando a *Segarra Rivera*

*v. Int'l Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán et al. v. Mun. de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Mun. de Añasco v. ASES et al.*, 188 DPR 307 (2013)). Véase, también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010) (citando a *Luan Invest. Corp. v. Rexach Const. Co.*, 152 DPR 652 (2000)).

Asimismo, la Regla 36 regula la oposición a que se dicte sentencia sumaria, la cual debe citar específicamente los párrafos enumerados que entiende están en controversia y, para cada uno de los que pretende controvertir, detallar la evidencia admisible que sostiene su impugnación con cita a la página o sección pertinente. Regla 36.3(b)(2) de Procedimiento Civil, *supra*. Como se puede apreciar, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al*., 199 DPR 664 (2018) (citando a *Rodríguez Méndez et al. v. Laser Eye*, 195 DPR 769 (2016); *Ramos Pérez v. Univisión, supra*). En la medida en que meras afirmaciones no bastan para derrotar una solicitud de sentencia sumaria, la parte opositora debe presentar contradeclaraciones juradas y

contradocumentos que pongan en controversia los hechos presentados. Íd.; *Ramos Pérez v. Univisión*, *supra*.

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Cónsono con lo anterior, el foro de primera instancia especificará en todos los pleitos los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda, incluyendo en aquellas ocasiones que se deniegue total o parcialmente una moción de sentencia sumaria. Regla 42.2 de Procedimiento Civil, *supra*. Véase, también, Regla 36.4 de Procedimiento Civil, *supra*. Sin embargo, esto no será necesario (1) cuando el tribunal resuelva mociones de defensas u objeciones, sentencia sumaria, o cualquier otra moción, excepto en casos de desestimación; (2) en casos de rebeldía; (3) cuando las partes así lo estipulen; o (4) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia. Íd. Regla 42.2. Véase, también, Reglas 10, 36.1, 36.2 y 39.2 de Procedimiento Civil,

*supra*. Sabiendo esto, nuestro ordenamiento reconoce que una vez expiran los términos para apelar una sentencia, la misma adviene final y firme. *Money's People Inc. v. López Llanos*, 202 DPR 889 (2019) (citando a *Rivera v. Algarín*, 159 DPR 482 (2003)).

Por otro lado, el contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones. Art. 1230 del Código Civil de 2020, 31 LPRA sec. 9751. Para perfeccionarse el contrato, las partes contratantes deberán manifestar su consentimiento sobre el objeto y la causa del acuerdo, excepto en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva. Íd., sec. 9771. Asimismo, las partes pueden acordar cualquier pacto, cláusula que no sea contraria a la ley, a la moral o al orden público y, en efecto, los contratos tienen fuerza de ley entre las partes. Íd., secs. 9753, 9754. Además, si los términos del contrato son claros y no dejan duda sobre la intención de las partes, se interpretará el lenguaje en su sentido literal y, de las palabras parecer contrarias a la intención evidente de las partes, prevalecerá la intención sobre lo expresado. Íd., sec. 6342.

Sabido lo anterior, la hipoteca es aquel derecho real que sujeta o vincula lo hipotecado al poder de exigir eventualmente la realización de su valor, así como la adopción de medidas dirigidas a salvaguardarlo, todo en seguridad o garantía de la efectividad de alguna obligación dineraria. *Soto Solá v. Registradora*, 189 DPR 653 (2013) (citando a L.R. Rivera Rivera, *Derecho Registral Inmobiliario puertorriqueño*, 3.ª ed., San Juan, Jurídica Editores, 2012, pág. 485).

Asimismo, un instrumento negociable es una promesa o una orden incondicional de pago de una cantidad específica de dinero, con o sin intereses u otros cargos descritos, siempre y cuando el mismo (1) es pagadero al portador o a la orden al momento de su emisión o cuando primero adviene a la posesión de un tenedor; (2) es pagadero a la presentación o en una fecha específica; y (3) no especifica otro compromiso o instrucción por parte de la persona que promete u ordena el pago. Sec. 2-104 de la Ley Núm. 208-1995 (19 LPRA sec. 504). Por cierto, una promesa u orden es pagadero al portador cuando (1) especifica que es pagadera al portador o a la orden del portador, o de otra forma indica que la persona en posesión de la promesa u orden tiene derecho al pago; (2) no designa un tomador; y (3) especifica que es pagadera a, o a la orden de, efectivo o de otra forma indica que no es pagadera a una persona identificada. Íd., Sec. 2-109 (19 LPRA sec. 509).

A tales efectos, el portador es la persona en posesión de un instrumento, documento de título, o valor con certificado pagadero al portador o endosado en blanco. Íd., Sec. 1-201(5) (19 LPRA sec. 451). Desde el momento que se entrega un pagaré al portador, el tenedor o portador poseerá legitimación activa para reclamar su satisfacción, ya que la simple entrega representa su transmisión. *Haedo Castro et al. v. Roldán Morales*, 203 DPR 324 (2019) (citando a *FDIC v. Registrador*, 111 DPR 602 (1981); *Lozada Merced v. Registrador*, 100 DPR 99 (1971)).

Entonces, un pagaré vence a la presentación cuando este dispone que será pagadero el momento que el tenedor lo exija o cuando no se indica alguna fecha de pago. *Westernbank v. Registradora*, 174 DPR

779 (2008), (citando a Sec. 2-108, 19 LPRA sec. 508). Del pagaré no tener fecha cierta de vencimiento, el tenedor podrá exigir el pago de la obligación en cualquier momento desde la emisión de este, por lo cual en ese momento se considerará vencido. Íd. Véase, también, *Distribuidores Unidos de Gas de PR, Inc. v. Jiménez Vega et al.*, 196 DPR 96 (2016).

Por último, la promovente de una acción de cobro de dinero tiene que demostrar mediante preponderancia de la prueba que existe una deuda válida, que la misma no se ha pagado, que ella es la acreedora y que las codemandadas son sus deudoras. Véase *General Electric v. Concessionaires, Inc*., 118 DPR 32 (1986). Asimismo, debe poder probar que la deuda que reclama es líquida, vencida y exigible. *Ramos y otros v. Colón y otros*, 153 DPR 534 (2001). Una deuda se considera líquida cuando la suma de dinero que se adeuda es cierta y determinada. *Id*., pág. 546. Por otro lado, la deuda es exigible cuando está vencida y, por tanto, puede demandarse el cumplimiento de la obligación. *Guadalupe v. Rodríguez*, 70 DPR 958 (1950). Véase, además, *Río Mar Community Association, Inc. v. Mayol Bianchi*, 208 DPR 100 (2021).

En el presente caso, la parte apelante, 26 Metal solicitó la revocación de la *Sentencia Sumaria* emitida por el foro primario. En resumen, señaló como error la existencia de controversias de hechos y derecho que deben ser dilucidados en una vista en sus méritos.

Como establecido en el precitado derecho, este Tribunal de Apelaciones se limita a la revisión de los escritos presentados por las partes, entiéndase, la solicitud a sentencia sumaria, y la oposición al mecanismo sumario, conforme a lo instituido en la Regla 36 de Procedimiento Civil, *supra*.

En su *Solicitud de Sentencia Sumaria*, Segarra Ocasio incluyó documentos que evidencian la existencia de una obligación de pago nacida de un Pagaré. También, incluyó cheques emitidos por 26 Metal y devueltos por insuficiencia de pago.[2] En su oposición, sin embargo, 26 Metal alegó que realizó ciertos pagos, pero no incluyó anejos que acreditaran su posición de forma cimentada en la prueba. Es decir, no presentó evidencia documental u otro elemento de apoyo que sostuviera sus alegaciones de pago o arreglos verbales alternativos, más allá de indicar que todo surgió de conversaciones privadas. De hecho, en la *Contestación a interrogatorio, requerimiento de admisiones y producción de documentos* 26 Metal expresó no tener evidencia física, electrónica o documental sobre pagos y que, en ese momento, no tenía manera de conseguirlos.[3] Por tanto, es evidente que la parte apelante, mediante un escrito que difícilmente cumplió con los requisitos jurisprudenciales de una oposición a sentencia sumaria, no logró controvertir los hechos propuestos como incontrovertidos según instruye el derecho aplicable, ni demostró la improcedencia jurídica de la sentencia emitida.

Por los fundamentos expresados, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase, SUMAC-TPI, Caso Núm. SJ2024CV09187, Entrada Núm. 43, *Solicitud de Sentencia Sumaria*, presentada por la parte apelada el 17 de noviembre de 2025. Anejo, *Cheques sin fondo.*
[3] *Íd.* Anejo, *Contestación a Pliego-Parte Demandada.*